UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

DAVID A. JANNEY,                                    Case No. 6:15-bk-10209-CCJ

      Debtor.                                         Chapter 7

_____/

MULTIBANK 2009-1 CML-ADC VENTURE, LLC,

      Plaintiff,                                      Adversary No. 6:16-ap-00036-CCJ

v.

DAVID A. JANNEY,

      Defendant.

_____/

**AMENDED ADVERSARY COMPLAINT**
**FOR DENIAL OF DISCHARGE AND EXCEPTION TO DISCHARGE**

Plaintiff Multibank 2009-1 CML-ADC Venture, LLC ("Plaintiff"), by and through

undersigned counsel, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) made applicable to

adversary proceedings under Federal Rule of Bankruptcy Procedure 7015, and based upon

previously undisclosed and recently revealed information concerning the Debtor's interests in

numerous Costa Rican companies and a lawsuit against the government of Costa Rica, hereby

files its amended complaint against the debtor, David A. Janney ("Defendant"), for a denial of

his discharge pursuant to 11 U.S.C. § 727(a)(2), (3), (4) and (5), and for an exception to the

discharge of Plaintiff's claim pursuant to 11 U.S.C. §523(a)(2)(B), and Rule 7001(4) and (6) of

the Federal Rules of Bankruptcy Procedure, alleging as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware.

2.      Defendant is an individual residing in Orange County, Florida.

3.      On December 3, 2015 (the "Petition Date"), Defendant filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4.      Plaintiff is a creditor of Defendant by virtue of an Agreed Final Judgment for Plaintiff Multibank 2009-1 CML-ADC Venture for Monetary Damages against Defendant David Janney that was signed on December 2, 2015, in the amount of $3,550,852.98.  Plaintiff's claim is partially secured by real property located in Henry County, Georgia.   The Defendant's Schedule D lists Plaintiff's claim in the amount of $3,550,800.00, with a secured portion of $1,000,000.00 and an unsecured portion of $2,550,800.00.  [Main Case ECF No. 1 at p. 20].

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I) and (J), 28 U.S.C. § 1334 and other applicable law.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I) and (J).

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

**COUNT I**
**DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(A)**

Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 6 above, as though fully set forth herein.

7.      Pursuant to Bankruptcy Code Section 727(a)(2)(A), a court should grant the debtor a discharge unless the debtor, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed,

mutilated, or concealed – (A) property of the debtor, within one year before the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(A).

8.     On or around July 20, 2015, the Defendant withdrew $59,508.55 from a non-exempt brokerage account held exclusively in the Defendant's name at Morgan Stanley (the "Morgan Stanley Funds").   A copy of the account statement showing the withdrawal of the Morgan Stanley Funds is attached as **Exhibit A**.

9.     On or around October 5, 2015, the entirety of the Morgan Stanley Funds were deposited into a Bank of America checking account that the Defendant holds jointly with his wife, Donna Janney.  A copy of the Bank of America deposit confirmation is attached as **Exhibit B**.  On or about this date, the Morgan Stanley account was closed.

10.     By the end of October, 2015, the Morgan Stanley Funds had been used to issue (i) two checks to National Financial Services each in the amount of $6,500.00 for Roth IRA accounts for the Defendant and Donna Janney; (ii) a check to Jackson National Life in the amount of $25,000.00 to purchase an annuity for the Defendant; and (iii) a check to Orlando Baptist Church in the amount of $21,000.00 for a retirement account.  True and correct copies of these checks for Roth IRA accounts, a retirement account, and an annuity, are attached as **Composite Exhibit C**.

11.     In his initial Statement of Financial Affairs, the Defendant failed to disclose the transfer of the $59,508.55 of Morgan Stanley Funds or the closing of the Morgan Stanley account in response to Question 20 as required, thus concealing the transformation of the $59,508.55 in non-exempt funds to funds claimed as exempt.  [Main Case ECF No. 1 at p. 41]. The Defendant's initial Schedule C claimed the $3,250.00 and $6,500.02 in Roth IRA accounts,

$25,000.00 with Jackson National Life Insurance Company, and $21,000.00 in a Retirement Account as fully exempt under Florida Statute 222.21(2). [Main Case ECF No. 1 at p. 19].

12.    On January 4, 2016, Defendant issued a Notice of Rule 2004 Examination of the Defendant for document production only. The document requests demanded the production of, *inter alia*, the Defendant's bank account statements and account histories of the Roth IRA's, retirement account, and life insurance policy.

13.    On January 14, 2016, upon realizing that he would be required to produce the statements for the Morgan Stanley account and other documents reflecting the concealed transfer of funds, Defendant filed his Amended Statement of Financial Affairs disclosing the transfer of the Morgan Stanley Funds and the closing of the Morgan Stanley account. On this same date, the Defendant filed his Amended Schedule C which also claims the $3,250.00 and $6,500.02 in Roth IRA accounts, $25,000.00 with Jackson National Life Insurance Company, and $21,000.00 in a Retirement Account as fully exempt under Florida Statute 222.21(2). [Main Case ECF Nos. 1 and 13].

14.    In October, 2015, the Defendant also transferred or caused to be transferred checks in the amounts of $800.00; $7,000.00; $800.00; $5,000.00; and $9,500.00 (the "Bank of America Account Funds") from the Defendant's jointly held Bank of America account to Donna Janney. True and correct copies of the October, 2015 checks to Donna Janney are attached as **Composite Exhibit D**. The transfers were not disclosed on Defendant's initial Statement of Financial Affairs and have not been disclosed on any amendments to Defendant's Statement of Financial Affairs. [Main Case ECF Nos. 1 and 14].

15.    Defendant, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed,

mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed the Morgan Stanley Funds and/or the Bank of America Account Funds within one year before the December 3, 2015 petition date.

16.    Accordingly, Defendant should be denied his discharge pursuant to 11 U.S.C. § 727(a)(2)(A).

**WHEREFORE**, Plaintiff seeks judgment in its favor and against Defendant David A. Janney, denying Defendant his discharge pursuant to 11 U.S.C. § 727(a)(2)(A), for costs of suit and for such other and further relief as the Court deems just and proper.

## COUNT II
## <u>DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(3)</u>

Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 6 above, as though fully set forth herein.

17.    Pursuant to Bankruptcy Code Section 727(a)(3), a court should grant the debtor a discharge unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances.  11 U.S.C. § 727(a)(3).

18.    On January 4, 2016, Plaintiff filed a notice of taking the Debtor's Rule 2004 examination for the production of documents [Main Case ECF No. 12].  Copies of the Defendant's responses and supplemental responses to Plaintiff's document requests are attached as **Composite Exhibit E**.

19.    Defendant responded that he "has no documents responsive to this request" in response to Plaintiff's document requests 2, 3, 4, 7, 10, 11, 14, 15, 16, 17, 18, 19, 21, 22, 24 and 27.

20.     On information and belief, the Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, and papers, from which the Defendant's financial condition or business transactions might be ascertained, and such act or failure to act is not justified under all of the circumstances.

21.     Accordingly, Defendant should be denied his discharge pursuant to 11 U.S.C. § 727(a)(3).

**COUNT III**
**DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A)**

Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 6 above, as though fully set forth herein.

22.     Pursuant to Bankruptcy Code Section 727(a)(4)(A), a court should grant the debtor a discharge unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.  11 U.S.C. § 727(a)(4)(A).

23.     On December 3, 2015, Defendant filed his Bankruptcy Schedules and Statement of Financial Affairs [Main Case ECF No. 1].

24.     Under item 19 of his Schedule A/B, the Defendant was required to disclose any interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture.

25.     Under item 33 of his Schedule A/B, the Defendant was required to disclose any claims against third parties, whether or not he had filed a lawsuit or made a demand for payment.

26.     Under items 13 and 18 of his Statement of Financial Affairs, the Defendant was required to disclose any gifts larger than $600.00 or transfers outside of the ordinary course of his financial affairs within the two (2) years immediately preceding the commencement of his Chapter 7 case.

27.     Under item 20 of his Statement of Financial Affairs, the Defendant was required to disclose any financial accounts that were held in his name or for his benefit that were closed within the one (1) year immediately preceding the commencement of his Chapter 7 case.

28.     Under item 27 of his Statement of Financial Affairs, the Defendant was required to disclose any company in which the Defendant was an officer, director, partner, or managing executive within the six (6) years immediately preceding the commencement of his Chapter 7 case.

29.     Defendant declared under penalty of perjury that the information contained in his December 3, 2015 Bankruptcy Schedules and Statement of Financial Affairs was true and correct and that he reviewed the documents prior to them being filed.

30.     On January 4, 2016, Plaintiff filed a notice of taking the Debtor's Rule 2004 examination for the production of documents [Main Case ECF No. 12].   A copy of the Defendant's responses and supplemental responses to Plaintiff's document requests is attached as **Composite Exhibit E**.

31.     Plaintiff's Rule 2004 discovery included requests for documents relating to the following companies, which were not disclosed in the Debtor's initial Schedules and Statement of Financial Affairs:  Villa City Development Group II, LLC; Center Hill Farms Development Group, LLC; American Academics Association, Inc.; Travel Services of America, Inc.; Orlando Baptist Church, Inc.; and Orlando Christian Prep, Inc.

32.     After receiving Plaintiff's discovery requests, on January 14, 2016, Defendant filed Amended Schedules A/B and C [Main Case ECF No. 13] and an Amended Statement of Financial Affairs [Main Case ECF No. 14], again signed under penalty of perjury, which for the first time disclosed the Defendant's interest in Villa City Development Group II, LLC; Center

Hill Farms Development Group, LLC; Hope Church, Inc.; Travel Services of America, Inc.; Orlando Christian Prep, Inc.; Orlando Baptist Church, Inc.

33.    The Defendant's Amended Statement of Financial Affairs for the first time disclosed a Morgan Stanley brokerage account that was closed on October 5, 2015 with a balance of $59,508.55.

34.    The documents produced also reveal that in October, 2015, the Defendant transferred or caused to be transferred checks in the amounts of $800.00; $7,000.00; $800.00; $5,000.00; and $9,500.00 (the "Bank of America Account Funds") from the Defendant's jointly held Bank of America account to Donna Janney.  True and correct copies of the October, 2015 checks to Donna Janney are attached as **Composite Exhibit D**.  The transfers were not disclosed on Defendant's initial Statement of Financial Affairs and have not been disclosed on any amendments to Defendant's Statement of Financial Affairs.  [Main Case ECF Nos. 1 and 14].

35.    On May 3, 2016, at a Rule 2004 examination conducted by counsel for creditor Arlene Miranda, the Defendant was asked about his undisclosed interest in nine different Costa Rican companies and a lawsuit against the Costa Rican government seeking damages in the amount of $103 million, and in which the Defendant is a claimant.

36.    On May 3, 2016, the Defendant testified that he did not know that he had an interest in nine Costa Rican companies and that he did not know he was a claimant in a lawsuit brought against the government of Costa Rica, which asserts claims of $103 million and is set for trial in December, 2016:

> Q. And it's also your testimony that until today, once you're under oath and I show you the pieces of paper, that you didn't know you were a claimant?
>
> A. Correct.
>
> Q. And you didn't know you had hired King & Spalding?

A. Correct.

Q. And you didn't know you had filed the -- signed and filed the lawsuit itself?

A. I believe that's correct.

Q. And you didn't know you are claiming $103 million from the government of Costa Rica?

A. I didn't, correct.

Q. That's all news to you here in your deposition?

A. That is correct.

Q. That's after we reviewed the fact that you have not disclosed and have no intent to disclose any of this on any of your multiple bankruptcy petitions, correct?

A. That is correct.

*Janney May 3 Exam* 94:4-25.

37.    As is set forth more fully above, Defendant knowingly and fraudulently made a false oath and account by (i) failing to list companies in which he has or had an interest; (ii) failing to list the transfers to Donna Janney; (iii) failing to disclose the Morgan Stanley brokerage account that he closed within three months of filing for bankruptcy in the main bankruptcy case; (iv) failing to disclose that he is a party to a proceeding asserting claims against the government of Costa Rica in excess of $100 million; (v) failing to disclose his interest in at least nine Costa Rican companies; and (vi) falsely testifying that he did not know he had an interest in the Costa Rican companies and litigation.

38.    Accordingly, Defendant should be denied his discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

**WHEREFORE**, Plaintiff seeks judgment in its favor and against Defendant David A. Janney, denying Defendant his discharge pursuant to 11 U.S.C. § 727(a)(4)(A), for costs of suit and for such other and further relief as the Court deems just and proper.

## COUNT IV
## DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5)

Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 6 above, as though fully set forth herein.

39.     Pursuant to Bankruptcy Code Section 727(a)(5), a court should grant the debtor a discharge unless, the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.  11 U.S.C. § 727(a)(5).

40.     On March 15, 2016, Plaintiff took the Defendant's Rule 2004 oral examination and, among other things, questioned the Defendant regarding the dissipation of his $35,376,956 net worth in 2007, which was disclosed on a personal financial statement used by Plaintiff's predecessor in interest FirstCity Bank.

41.     Defendant failed to satisfactorily explain his loss of assets and the deficiency of assets to meet Defendant's liabilities.

42.     Accordingly, Defendant should be denied his discharge pursuant to 11 U.S.C. § 727(a)(5).

**WHEREFORE**, Plaintiff seeks judgment in its favor and against Defendant David A. Janney, denying Defendant his discharge pursuant to 11 U.S.C. § 727(a)(5), for costs of suit and for such other and further relief as the Court deems just and proper.

## COUNT V
## EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(2)(B)

Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 6 above, as though fully set forth herein.

43.     Pursuant to Bankruptcy Code Section 523(a)(2)(B), a discharge under section 11 U.S.C. § 727 does not discharge an individual debtor from any debt for money or an extension, renewal, or refinancing of credit, to the extent obtained by use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive.  11 U.S.C. § 523(a)(2)(B).

44.     On or around April 26, 2007, Defendant executed and delivered a promissory note in the original principal amount of $2,100,000.00 to Plaintiff's predecessor in interest FirstCity Bank (the "Promissory Note").  A true and correct copy of the Promissory Note is attached as **Exhibit F**.

45.     On or around May 1, 2008, Defendant executed and delivered a note modification to Plaintiff's predecessor in interest FirstCity Bank (the "Note Modification").  A true and correct copy of the Note Modification is attached as **Exhibit G**.

46.     To induce Plaintiff's predecessor in interest FirstCity Bank to lend money and/or to renew or extend the loan evidenced by the Promissory Note and Note Modification to the Defendant, the Defendant used a written personal financial statement that overstated Defendant's assets and understated Defendant's liabilities.  A true and correct copy of the David Janney Personal Financial Statement used in connection with the FirstCity Bank loan that now forms the basis for Plaintiff's claim is attached as **Exhibit H**.

47.    Defendant obtained the loan evidenced by the Promissory Note and Note Modification that gave rise to Plaintiff's claim by use of a statement in writing (i) that was materially false in that it, *inter alia*, overstated the Defendant's assets; (ii) respecting the Defendant's financial condition; (iii) on which FirstCity Bank reasonably relied; and (iv) that the Defendant caused to be made or published with intent to deceive.

48.    Accordingly, Plaintiff's claim is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

**WHEREFORE**, Plaintiff seeks judgment in its favor and against Defendant David A. Janney, excepting Plaintiff's claim from the Defendant's discharge pursuant to 11 U.S.C. § 523(a)(2)(B), for costs of suit and for such other and further relief as the Court deems just and proper.

Dated:  May 11, 2016

Respectfully Submitted,

JONES WALKER LLP
  *Attorneys for Multibank 2009-1 CML-ADC Venture, LLC*
201 Biscayne Blvd., Suite 2600
Miami, Florida 33131
Email:  *sdrobny@joneswalker.com*
Telephone:  (305) 679-5700
Facsimile:  (305) 679-5710

By:___*/s/ Stephen P. Drobny*_____
        Stephen P. Drobny
        Florida Bar No. 55732

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of May, 2016, a true and correct copy of the

foregoing was served on all parties listed below by ECF.

*/s/ Stephen P. Drobny*
Stephen P. Drobny

## Service List

**Peter N Hill**
Herron Hill Law Group, PLLC
1851 West Colonial Drive, Suite 100
Orlando, FL 32804
  *Counsel for defendant David A. Janney*

# EXHIBIT A

**ACTIVITY: DETAIL VIEW**
Last Refreshed - 11:39 AM EST, 08/07/2015

DAVID JANNEY
▅▅▅▅ AAA
Single
$0.00 (prev. close) / Standard

DAVID JANNEY
1515 ENSENADA DR
ORLANDO FL 32825-8309
▅671 (B)▅▅▅@orlandobaptist.com

Morgan Stanley

**ACTIVITIES | ALL ACTIVITY TYPES | ALL ASSET TYPES | DATE RANGE : FROM DATE : 09/01/2012 | TO DATE : 08/07/2015 | 91 TRANSACTIONS**

| ACTIVITY DATE ▼ | SETTLEMENT DATE | ACTIVITY | QUANTITY | DESCRIPTION | SYMBOL/CUSIP | PRICE ($) | AMOUNT ($) | CASH BALANCE ($)* | TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 07/21/2015 | 07/21/2015 | WITHDRAWAL | | BRANCH CHECK PAID TO DAVID JANNEY Ref: CT335845 | | | -0.31 | 0.00 | Cash |
| 07/20/2015 | 07/20/2015 | Interest | | MORGAN STANLEY PRIVATE BANK NA Ref: 20173830 SEC ID: 00368 | MSPBNA | | 0.31 | 0.31 | Cash |
| 07/20/2015 | 07/20/2015 | WITHDRAWAL | | BRANCH CHECK PAID TO DAVID JANNEY Ref: CT334956 | | | -59,508.24 | 0.00 | Cash |
| 06/30/2015 | 06/30/2015 | Interest | | MORGAN STANLEY PRIVATE BANK NA (Period 06/01-06/30) Ref: 18157532 SEC ID: 00368 | MSPBNA | | 0.48 | 59,508.24 | Cash |
| 05/29/2015 | 05/29/2015 | Interest | | MORGAN STANLEY PRIVATE BANK NA (Period 05/01-05/31) Ref: 14915744 SEC ID: 00368 | MSPBNA | | 0.49 | 59,507.76 | Cash |
| 05/26/2015 | 05/26/2015 | Branch Deposit | | FUNDS RECEIVED Ref: 05319949 | | | 1,000.00 | 59,507.27 | Cash |
| 05/26/2015 | 05/26/2015 | Branch Deposit | | FUNDS RECEIVED Ref: 05319948 | | | 1,000.00 | 58,507.27 | Cash |
| 05/26/2015 | 05/26/2015 | Branch Deposit | | FUNDS RECEIVED Ref: 05319947 | | | 1,000.00 | 57,507.27 | Cash |
| 04/30/2015 | 04/30/2015 | Interest | | MORGAN STANLEY PRIVATE BANK NA (Period 04/01-04/30) Ref: 12083832 SEC ID: 00368 | MSPBNA | | 0.44 | 56,507.27 | Cash |
| 04/23/2015 | 04/23/2015 | Branch Deposit | | FUNDS RECEIVED Ref: 05319155 | | | 1,000.00 | 56,506.83 | Cash |
| 04/23/2015 | 04/23/2015 | Branch Deposit | | FUNDS RECEIVED Ref: 05319154 | | | 1,000.00 | 55,506.83 | Cash |
| 04/23/2015 | 04/23/2015 | Branch Deposit | | FUNDS RECEIVED Ref: 05319153 | | | 1,000.00 | 54,506.83 | Cash |
| 04/23/2015 | 04/23/2015 | Branch Deposit | | FUNDS RECEIVED Ref: 05319152 | | | 1,000.00 | 53,506.83 | Cash |
| 03/31/2015 | 03/31/2015 | Interest | | MORGAN STANLEY PRIVATE BANK NA (Period 03/01-03/31) Ref: 09019273 SEC ID: 00368 | MSPBNA | | 0.45 | 52,506.83 | Cash |
| 02/27/2015 | 02/27/2015 | Interest | | MORGAN STANLEY PRIVATE BANK NA (Period 02/01-02/28) Ref: 05826074 SEC ID: 00368 | MSPBNA | | 0.40 | 52,506.38 | Cash |
| 01/30/2015 | 01/30/2015 | Interest | | MORGAN STANLEY PRIVATE BANK NA (Period 01/01-01/31) Ref: 03086763 SEC ID: 00368 | MSPBNA | | 0.40 | 52,505.98 | Cash |
| 01/21/2015 | 01/21/2015 | Branch Deposit | | FUNDS RECEIVED Ref: 05519409 | | | 1,000.00 | 52,505.58 | Cash |
| 01/21/2015 | 01/21/2015 | Branch Deposit | | FUNDS RECEIVED Ref: 05519408 | | | 1,000.00 | 51,505.58 | Cash |
| 01/21/2015 | 01/21/2015 | Branch Deposit | | FUNDS RECEIVED Ref: 05519407 | | | 1,000.00 | 50,505.58 | Cash |

*Cash Balance Includes Cash, Bank Deposits, MMF Balance, and Unsettled Cash.

Janney 00013

# EXHIBIT B

**Bank of America** 

# Online Banking

---

## Regular Checking - 7263: Account Activity Transaction Details

---

|  |  |
|---|---|
| **Post date:** | 10/05/2015 |
| **Amount:** | 59,508.55 |
| **Type:** | Deposit |
| **Description:** | Counter Credit |



Janney  00018

# COMPOSITE EXHIBIT C

**Bank of America** 〓

Online Banking

---

**Regular Checking – 7263: Account Activity Transaction Details**

---

**Check number:** 00000001895

**Post date:** 10/21/2015

**Amount:** -6,500.00

**Type:** Check

**Description:** Check

DONNA H JANNEY OR
DAVID A JANNEY
1515 ENSENADA DR
ORLANDO, FL 32825

*204   2015 Current   1895

10-5-2015

National Financial Services   | $ 6500.00

Sixty-five hundred dollars

**Bank of America** 〓

1  10/21/2015  1424   0068 035

David Janney Roth IRA

⑆063000047⑆     1895

LSR011204 10/21/2015  0068 035
Fidelity / NFS LLC For Deposit Only

Janney 00021

**Bank of America** ≽≽≽

# Online Banking

---

## Regular Checking – 7263: Account Activity Transaction Details

---

| | |
|---:|:---|
| **Check number:** | 00000001894 |
| **Post date:** | 10/21/2015 |
| **Amount:** | -6,500.00 |
| **Type:** | Check |
| **Description:** | Check |

DONNA H JANNEY OR
DAVID A JANNEY
1815 ENSENADA DR
ORLANDO, FL 32825

LSR-011203     2015 Current  1894

10-5-2015     63-4/630 FL 1478

"%" National Financial Services     | $ 6500.00

Sixty five hundred dollars————

Bank of America ≽≽≽

ACH R/T 063102277     1  10/21/2015  1424     0068 122

Donna Janney Ruth IRA     Donna Janney

⑆063000047⑆          •1894

LSR011203 10/21/2015  0068 122
Fidelity / NFS LLC For Deposit Only

Janney 00022

**Bank of America** 💛

# Online Banking

---

## Regular Checking - 7263: Account Activity Transaction Details

---

| | |
|---:|:---|
| **Check number:** | 00000001896 |
| **Post date:** | 10/21/2015 |
| **Amount:** | -25,000.00 |
| **Type:** | Check |
| **Description:** | Check |



Janney 00023

**DONNA L JANNEY**
1515 ENSENADA DR
ORLANDO, FL 32825-8309

114

63-751/631 11116
1320359894

10-21-15
DATE

PAY TO THE
ORDER OF _Orlando Baptist Church_                    | $ 21,000.00

_Twenty-one  thousand  dollars_ $ ⁰⁰/₁₀₀

DOLLARS

WELLS FARGO   Wells Fargo Bank, N.A.
Florida
wellsfargo.com

FOR _Retirement  account_          _Donna Janney_

⑈063107513⑈      [REDACTED]      00114

# COMPOSITE EXHIBIT D

Check number: 1893   |   Amount: $800.00

Check number: 1898   |   Amount: $800.00

Check number: 1897   |   Amount: $7,000.00



Check number: 1899 | Amount: $5,000.00



Check number: 1776 | Amount: $9,500.00

# COMPOSITE
# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

                                    Case No.: 6:15-bk-10209-CCJ

DAVID A. JANNEY,                                  Chapter 11

        Debtor.

_____/

**DEBTOR'S RESPONSE TO NOTICE BY**
**MULTIBANK 2009-1 CML-ADC VENTURE, LLC OF TAKING**
**RULE 2004 EXAMINATION FOR THE PRODUCTION OF DOCUMENTS**

The Debtor responds to the Notice filed by Multibank 2009-1 CML-ADC Venture, LLC ("MULTIBANK") of Taking Rule 2004 Examination for the Production of Documents (Doc. No. 12), as follows:

    *1.*    *Any and all Documents produced to the Chapter 7 trustee in this matter.*

The Debtor is producing the following together with this response:

> Deacon meeting notes dated 5/30/12
> Morgan Stanley Statement dated 9/1/12 – 8/7/15
> Letter from Senior Pastor dated 6/12/15
> Email correspondence between Janney and Morgan Stanley
> Jackson National Life Insurance statement dated 11/24/15
> Life Mark Securities Corp. Statement 10/2015
> Janney pay stubs 8/7/15 – 11/13/15
> Statement re: Morgan Stanley account
> Villa City Development Group, II, LLC membership certificate

    *2.*    *Every personal financial statement that you prepared, delivered, or had delivered, to any person or entity at any time from and after January 1, 2005 to the present.*

The Debtor has no documents responsive to this request.

1

*3.      Copies of every financial statement prepared for any entity in which you have an interest or have been affiliated with at any time from and after January 1, 2011.*

The Debtor has no documents responsive to this request.

*4.      Any and all Documents that evidence relate or refer to assets in your name or in the name of any insider or entity in which you are affiliated in any way, deposited or otherwise located in jurisdictions outside the United States of America.*

The Debtor has no documents responsive to this request.

*5.      Any and all Documents that evidence relate or refer to assets in your name or in the name of any insider or entity in which you are affiliated in any way, deposited or otherwise located in the United States of America.*

The Debtor is producing the following together with this response:

Harley Davidson title

*6.      Your income tax returns (U.S. and international) for the last five (5) years, including W-2 forms, as well as tangible and intangible property tax returns for the last five (5) years.*

The Debtor is producing the following together with this response:

2011 tax return
2012 W2
2013 tax return
2014 tax return
2011 – 2015 property tax statements

*7.      Partnership or business entity income tax returns for any partnership or business entity in which you possess an interest, whether as partner, joint adventurer, stockholder, member or otherwise.*

The Debtor has no documents responsive to this request.

8. *Copies of any bank account statements for the Bank of America Checking Account #7263 that is listed in Your Schedule A/B (including, but not limited to evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back).*

The Debtor is producing the following together with this request:

2015.08.20-2015.09.18 Bank of America Statement
2015.09.19-2015.10.20 Bank of America Statement

9. *Copies of any bank account statements for the SunTrust Bank Checking Account #5029 that is listed in Your Schedule A/B (including, but not limited to evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back).*

The Debtor is producing the following together with this request.

2015.08.08-2015.09.08 Suntrust Statement
2015.10.08-2015.11.06 Suntrust Statement

10. *Copies of any bank account statements for any bank account in which you have held an interest at any point in time from January 1, 2011 through the present (including, but not limited to evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back).*

The Debtor has no documents responsive to this request.

11. *Copies of any bank account statements for any company in which you currently have an interest or have held an interest at any point in time from January 1, 2011 through the present (including, but not limited to evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back).*

The Debtor has no documents responsive to this request.

12. *A copy of the payment history for any loans previously secured by your property located at 1515 Ensenada Drive, dating back to January, 2005.*

The Debtor is producing the following together with this response.

Email re: house payoff

3

*13.    A copy of the account history for your retirement account with Orlando Baptist Church, dating back to January 2011.*

The Debtor is producing the following together with this response.

> 2012 Morgan Stanley statements
> 2013 Morgan Stanley statements
> 2014 Morgan Stanley statements
> 2015 Morgan Stanley statement
> 8/7/15 – 10/16/12 Morgan Stanley Summary

*14.    Any and all Documents upon which you base Banco Popular's $800,000.00 unsecured claim listed on Schedule E/F, 4.2.*

The Debtor has no documents responsive to this request.

*15.    A copy of the loan application including any personal financial statements submitted by you in connection with the origination of the loan upon which the claim scheduled for Banco Popular is based.*

The Debtor has no documents responsive to this request.

*16.    A copy of the loan application including any personal financial statements submitted by you in connection with the origination of the April 2007 loan from FirstCity Bank that refinanced your property in Georgia.*

The Debtor has no documents responsive to this request.

*17.    Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by Villa City Development Group II, LLC.*

The Debtor has no documents responsive to this request.

*18.    Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by Center Hill Farms, Inc.*

The Debtor has no documents responsive to this request.

*19.    Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by Center Hill Farms Development Group, LLC.*

The Debtor has no documents responsive to this request.

4

*20.      Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by World Hope Foundation.*

The Debtor is producing the following together with this response.

Warranty Deed

*21.      Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by American Academics Association, Inc.*

The Debtor has no documents responsive to this request.

*22.      Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by Travel Services of America, Inc.*

The Debtor has no documents responsive to this request.

*23.      Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by Orlando Baptist Church Incorporated.*

The Debtor objects to producing documents requested in paragraph 23. Orlando Baptist Church Incorporated is a section 501(c)(3) tax-exempt organization. Accordingly, the Debtor has no financial interest in the church. The Debtor is not at liberty to disclose the church's financial information.

*24.      Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by Orlando Christian Prep, Inc.*

The Debtor has no documents responsive to this request.

*25.      A copy of the complaint that you filed against, among others, Mark Conner, in Henry County, Georgia.*

The Debtor is producing the following together with this response:

Complaint filed against Mark Conner in GA

*26.      Any and all Documents that evidence relate or refer to any transfer of real or personal property with a value of over $500 by you to any other individual or entity at any time from and after January 1, 2011.*

See responses in paragraphs 8 and 9 above.

27.    *Any and all Documents that evidence, relate or refer to any transfer of real or personal property with a value of over $500 by any entity in which you have an interest or with which you are affiliated in any way, at any time from and after January 1, 2011.*

The Debtor has no documents responsive to this request.

*/s/ Peter N. Hill*
**Peter N. Hill**
Florida Bar No. 368814
**Wolff, Hill, McFarlin & Herron, P. A.**
1851 W. Colonial Dr.
Orlando, Florida  32804
Telephone:     (407) 648-0058
Fax:                (407) 648-0681
Primary e-mail:     phill@whmh.com
Secondary e-mail: kmaples@whmh.com

## CERTIFICATE OF SERVICE

I certify that on January 29, 2016 I filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Peter N. Hill*
**Peter N. Hill**

6

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

                                   Case No.: 6:15-bk-10209-CCJ

DAVID A. JANNEY,                                 Chapter 11

       Debtor.

_____/

**DEBTOR'S SUPPLEMENTAL RESPONSE TO NOTICE BY
MULTIBANK 2009-1 CML-ADC VENTURE, LLC OF TAKING
RULE 2004 EXAMINATION FOR THE PRODUCTION OF DOCUMENTS**

The Debtor supplements his response to the Notice filed by Multibank 2009-1

CML-ADC Venture, LLC ("MULTIBANK") of Taking Rule 2004 Examination for the

Production of Documents (Doc. No. 12), as follows:

**NOTE: DOCUMENTS WHICH ARE THE SUBJECTS OF THIS
SUPPLEMENTAL RESPONSE ARE IDENTIFIED BELOW IN BOLD TYPE IN
UPPER CASE LETTERS.**

    *1.      Any and all Documents produced to the Chapter 7 trustee in this matter.*

The Debtor is producing the following together with this response:

                       Deacon meeting notes dated 5/30/12
                       Morgan Stanley Statement dated 9/1/12 – 8/7/15
                       Letter from Senior Pastor dated 6/12/15
                       Email correspondence between Janney and Morgan Stanley
                       Jackson National Life Insurance statement dated 11/24/15
                       Life Mark Securities Corp. Statement 10/2015
                       Janney pay stubs 8/7/15 – 11/13/15
                       Statement re: Morgan Stanley account
                       Villa City Development Group, II, LLC membership certificate
                       **POST-CLOSING PAYMENTS AND DEVELOPMENT
                       AGREEMENT (LAKE LUCY GROVES PROPERTY, LAKE
                       COUNTY, FLORIDA)**

1

2.      *Every personal financial statement that you prepared, delivered, or had delivered, to any person or entity at any time from and after January 1, 2005 to the present.*

The Debtor has no documents responsive to this request.

3.      *Copies of every financial statement prepared for any entity in which you have an interest or have been affiliated with at any time from and after January 1, 2011.*

The Debtor has no documents responsive to this request.

4.      *Any and all Documents that evidence relate or refer to assets in your name or in the name of any insider or entity in which you are affiliated in any way, deposited or otherwise located in jurisdictions outside the United States of America.*

The Debtor has no documents responsive to this request.

5.      *Any and all Documents that evidence relate or refer to assets in your name or in the name of any insider or entity in which you are affiliated in any way, deposited or otherwise located in the United States of America.*

The Debtor is producing the following together with this response:

> Harley Davidson title
> **ORGANIZATIONAL DOCUMENTS FOR CENTER HILL FARMS DEVELOPMENT GROUP, LLC**
> **SIGNATURE CARD FOR THE JANNEYS' JOINT BANK ACCOUNT (ORIGINALLY BARNETT BANK, NOW BANK OF AMERICA)**

6.      *Your income tax returns (U.S. and international) for the last five (5) years, including W-2 forms, as well as tangible and intangible property tax returns for the last five (5) years.*

The Debtor is producing the following together with this response:

> 2011 tax return
> 2012 W2
> 2013 tax return
> 2014 tax return
> 2011 – 2015 property tax statements

2

7.       *Partnership or business entity income tax returns for any partnership or business entity in which you possess an interest, whether as partner, joint adventurer, stockholder, member or otherwise.*

The Debtor has no documents responsive to this request.


8.       *Copies of any bank account statements for the Bank of America Checking Account #7263 that is listed in Your Schedule A/B (including, but not limited to evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back).*

The Debtor is producing the following together with this request:

> 2015.08.20-2015.09.18 Bank of America Statement
> 2015.09.19-2015.10.20 Bank of America Statement
> **2015.01.21-2015.02.17 BANK OF AMERICA STATEMENT**
> **2015.02.18-2015.03.19 BANK OF AMERICA STATEMENT**
> **2015.03.20-2015.04.20 BANK OF AMERICA STATEMENT**
> **2015.04.21-2015.05.18 BANK OF AMERICA STATEMENT**
> **2015.05.19-2015.06.18 BANK OF AMERICA STATEMENT**
> **2015.06.19-2015.07.21 BANK OF AMERICA STATEMENT**
> **2015.07.22-2015.08.19 BANK OF AMERICA STATEMENT**
> **2015.10.21-2015.11.17 BANK OF AMERICA STATEMENT**
> **2015.11.18-2015.12.18 BANK OF AMERICA STATEMENT**
> **2015.12.19-2016.01.19 BANK OF AMERICA STATEMENT**


9.       *Copies of any bank account statements for the SunTrust Bank Checking Account #5029 that is listed in Your Schedule A/B (including, but not limited to evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back).*

The Debtor is producing the following together with this request.

> 2015.08.08-2015.09.08 Suntrust Statement
> 2015.10.08-2015.11.06 Suntrust Statement
> **2014.08.08-2014.09.08 SUNTRUST STATEMENT**
> **2014.09.09-2014.10.07 SUNTRUST STATEMENT**
> **2014.10.08-2014.11.07 SUNTRUST STATEMENT**
> **2014.11.08-2014.12.05 SUNTRUST STATEMENT**
> **2014.12.06-2015.01.08 SUNTRUST STATEMENT**
> **2015.01.09-2015.02.06 SUNTRUST STATEMENT**
> **2015.02.07-2015.03.06 SUNTRUST STATEMENT**

**2015.03.07-2015.04.07 SUNTRUST STATEMENT**
**2015.04.08-2015.05.07 SUNTRUST STATEMENT**
**2015.05.08-2015.06.05 SUNTRUST STATEMENT**
**2015.06.06-2015.07.07 SUNTRUST STATEMENT**
**2015.07.08-2015.08.07 SUNTRUST STATEMENT**
**2015.09.09-2015.10.07 SUNTRUST STATEMENT**
**2015.11.07-2015.12.07 SUNTRUST STATEMENT**
**2015.12.08-2016.02.05 SUNTRUST STATEMENT**

10.     *Copies of any bank account statements for any bank account in which you have held an interest at any point in time from January 1, 2011 through the present (including, but not limited to evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back).*

The Debtor has no documents responsive to this request.

11.     *Copies of any bank account statements for any company in which you currently have an interest or have held an interest at any point in time from January 1, 2011 through the present (including, but not limited to evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back).*

The Debtor has no documents responsive to this request.

12.     *A copy of the payment history for any loans previously secured by your property located at 1515 Ensenada Drive, dating back to January, 2005.*

The Debtor is producing the following together with this response.

Email re: house payoff

**BMO HARRIS BANK MORTGAGE PAYMENT TRANSACTION HISTORY (6 PAGES)**

**COPIES OF 5 CASHIER'S CHECKS FROM DR. JANNEY'S MOTHER-IN-LAW TO HIS WIFE AND 4 CHILDREN WHICH WERE THE SOURCES OF SOME OF THE MONEY USED TO PAY DOWN THE MORTGAGE (2 PAGES)**

13.     *A copy of the account history for your retirement account with Orlando Baptist Church, dating back to January 2011.*

4

The Debtor is producing the following together with this response.

> 2012 Morgan Stanley statements
> 2013 Morgan Stanley statements
> 2014 Morgan Stanley statements
> 2015 Morgan Stanley statement
> 8/7/15 – 10/16/12 Morgan Stanley Summary

*14. Any and all Documents upon which you base Banco Popular's $800,000.00 unsecured claim listed on Schedule E/F, 4.2.*

The Debtor has no documents responsive to this request.

*15. A copy of the loan application including any personal financial statements submitted by you in connection with the origination of the loan upon which the claim scheduled for Banco Popular is based.*

The Debtor has no documents responsive to this request.

*16. A copy of the loan application including any personal financial statements submitted by you in connection with the origination of the April 2007 loan from FirstCity Bank that refinanced your property in Georgia.*

The Debtor has no documents responsive to this request.

*17. Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by Villa City Development Group II, LLC.*

The Debtor has no documents responsive to this request.

**POST-CLOSING PAYMENTS AND DEVELOPMENT AGREEMENT (LAKE LUCY GROVES PROPERTY, LAKE COUNTY, FLORIDA)**
**ORGANIZATIONAL DOCUMENTS FOR VILLA CITY DEVELOPMENT GROUP II, LLC**

*18. Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by Center Hill Farms, Inc.*

The Debtor has no documents responsive to this request.

*19. Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by Center Hill Farms Development Group, LLC.*

5

The Debtor has no documents responsive to this request.

     20.     *Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by World Hope Foundation.*

The Debtor is producing the following together with this response.

Warranty Deed

     21.     *Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by American Academics Association, Inc.*

The Debtor has no documents responsive to this request.

     22.     *Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by Travel Services of America, Inc.*

The Debtor has no documents responsive to this request.

     23.     *Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by Orlando Baptist Church Incorporated.*

The Debtor objects to producing documents requested in paragraph 23. Orlando Baptist Church Incorporated is a section 501(c)(3) tax-exempt organization. Accordingly, the Debtor has no financial interest in the church. The Debtor is not at liberty to disclose the church's financial information.

     24.     *Any and all Documents that evidence, relate or refer to the value of any property owned or previously owned by Orlando Christian Prep, Inc.*

The Debtor has no documents responsive to this request.

     25.     *A copy of the complaint that you filed against, among others, Mark Conner, in Henry County, Georgia.*

The Debtor is producing the following together with this response:

Complaint filed against Mark Conner in GA

     26.     *Any and all Documents that evidence relate or refer to any transfer of real or personal property with a value of over $500 by you to any other individual or entity at any time from and after January 1, 2011.*

6

See responses in paragraphs 8 and 9 above.

27.  *Any and all Documents that evidence, relate or refer to any transfer of real or personal property with a value of over $500 by any entity in which you have an interest or with which you are affiliated in any way, at any time from and after January 1, 2011.*

The Debtor has no documents responsive to this request.

*/s/ Peter N. Hill*
**Peter N. Hill**
Florida Bar No. 368814
**Wolff, Hill, McFarlin & Herron, P. A.**
1851 W. Colonial Dr.
Orlando, Florida  32804
Telephone:     (407) 648-0058
Fax:              (407) 648-0681
Primary e-mail:     phill@whmh.com
Secondary e-mail: kmaples@whmh.com

## CERTIFICATE OF SERVICE

I certify that on March 29, 2016 I served the foregoing via email on Stephen Drobny, Esq. at sdrobny@joneswalker.com and on Ronald Bruckmann, Esq. at rbruckmann@joneswalker.com .

*/s/ Peter N. Hill*
**Peter N. Hill**

7

DAVID JANNEY

1710 LEE ROAD

ORLANDO, FL 32810-0000

**BORROWER'S NAME AND ADDRESS**
"I" includes each borrower above, jointly and severally.

FirstCity Bank
Ops Center
831 Fairways Court
Stockbridge, GA 30281-0000

**LENDER'S NAME AND ADDRESS**
"You" means the lender, its successors and assigns.

HEG
Loan Number ▮▮7600
Date 04/26/2007
Maturity Date 05/01/2008
Loan Amount $ 2,100,000.00
Renewal Of NEW
SSN: ▮▮6608

For value received, I promise to pay to you, or your order, at your address listed above the **PRINCIPAL** sum of _____
Two Million One Hundred Thousand and 00/100 * * * * * * * * * * * * * * * * * * * * * Dollars $ 2,100,000.00

☐ **Single Advance:** I will receive all of this principal sum on _____ . No additional advances are contemplated under this note.

☒ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On 04/26/2007
I will receive the amount of $ _____ and future principal advances are contemplated.
**Conditions:** The conditions for future advances are Inspection and written verification of percentage completion _____

☐ **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to all other conditions and expires on _____ .

☒ **Closed End Credit:** You and I agree that I may borrow up to the maximum only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from 04/26/2007 at the rate of 9.250 %
per year until THE PRIME RATE CHANGES (SEE BELOW) .

☒ **Variable Rate:** This rate may then change as stated below.
  ☒ **Index Rate:** The future rate will be 1.00% ABOVE the following index rate: Prime rate as published in the Wall Street Journal.

  ☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.
  ☒ **Frequency and Timing:** The rate on this note may change as often as DAILY .
    A change in the interest rate will take effect SIMUTANEOUSLY 18.000 % or less than
  ☒ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than _____
     9.250 %. The rate may not change more than _____ % each _____ .
  **Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:
  ☒ The amount of each scheduled payment will change.   ☒ The amount of the final payment will change.
  ☐ _____

**ACCRUAL METHOD:** Interest will be calculated on a Actual / 360 basis.
**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:
  ☐ on the same fixed or variable rate basis in effect before maturity (as indicated above).
  ☒ at a rate equal to 18.00%
☒ **LATE CHARGE:** If a payment is made more than 10 days after it is due, I agree to pay a late charge of 5% OF THE UNPAID PAYMENT DUE OR $25.00 WHICHEVER IS GREATER NOT TO EXCEED $500.00
☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☐ are ☒ are not included in the principal amount
  above: $21,000.00 PREPAID FEE

**PAYMENTS:** I agree to pay this note as follows:
☒ **Interest:** I agree to pay accrued interest INTEREST MONTHLY BEGINNING JUNE 1, 2007

☒ **Principal:** I agree to pay the principal AT MATURITY (MAY 1, 2008)

☐ **Installments:** I agree to pay this note in _____ payments. The first payment will be in the amount of $ _____
and will be due _____ . A payment of $ _____ will be due _____
_____ thereafter. The final payment of the entire
unpaid balance of principal and interest will be due _____
☐ If checked, and this loan is secured by a first lien on real estate, then any accrued interest not paid when due (whether due by reason of a schedule of payments or due because of lenders demand) will become part of the principal thereafter, and will bear interest at the interest rate in effect from time to time as provided for in this agreement.
**ADDITIONAL TERMS:**
REFER TO DSD DATED OF EVEN DATE
EACH SCHEDULED PAYMENT MADE ON THIS NOTE WILL BE APPLIED FIRST TO ACCRUED UNPAID INTEREST AND THEN UNPAID BILLED PRINCIPAL AND LAST UNPAID LATE CHARGES

☒ **SECURITY:** This note is separately secured by (describe separate document by type and date):
DSD DATED APRIL 26, 2007 DESCRIBING 13.65 AC FOSTER ROAD, MCDONOUGH, HENRY COUNTY, GA

(This section is for your internal use. Failure to list a separate security document does not mean the agreement will not secure this note.)

**PURPOSE:** The purpose of this loan is REFINANCE COMMERCIAL LAND .

**SIGNATURES AND SEALS: IN WITNESS WHEREOF, I HAVE SIGNED MY NAME AND AFFIXED MY SEAL ON THIS** 26th **DAY OF** April 2007 . BY DOING SO, I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGE 2). I HAVE RECEIVED A COPY ON TODAY'S DATE.

_____ (Seal)
DAVID JANNEY ▮▮6608

_____ (Seal)

Signature for Lender

CLAYTON COE

VP/SR LENDING OFFICER

_____ (Seal)

_____ (Seal)

UNIVERSAL NOTE

Experi® ©1984, 1991 Bankers Systems, Inc., St. Cloud, MN Form UN-GA 3/4/2002

(page 1 of 2)

**DEFINITIONS:** As used on page 1, "you" means the terms that apply to this loan. "I," "me" or "my" means each Borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). "You" or "your" means the Lender and its successors and assigns.

**APPLICABLE LAW:** The law of the state of Georgia will govern this note. Any term of this note which is contrary to applicable law will not be effective, unless the law permits you and me to agree to such a variation. If any provision of this agreement cannot be enforced according to its terms, this fact will not affect the enforceability of the remainder of this agreement. No modification of this agreement may be made without your express written consent. Time is of the essence in this agreement.

**COMMISSIONS OR OTHER REMUNERATION:** I understand and agree that any insurance premiums paid to insurance companies as part of this note will involve money retained by you or paid back to you as commissions or other remuneration.

In addition, I understand and agree that some other payments to third parties as part of this note may also involve money retained by you or paid back to you as commissions or other remuneration.

**PAYMENTS:** Each payment I make on this note will first reduce the amount I owe you for charges which are neither interest nor principal. The remainder of each payment will then reduce accrued unpaid interest, and then unpaid principal. If you and I agree to a different application of payments, we will describe our agreement on this note. I may prepay a part of, or the entire balance of this loan without penalty, unless we specify to the contrary on this note. Any partial prepayment will not excuse or reduce any later scheduled payment until this note is paid in full (unless, when I make the prepayment, you and I agree in writing to the contrary).

**INTEREST:** Interest accrues on the principal remaining unpaid from time to time, until paid in full. If I receive the principal in more than one advance, each advance will start to earn interest only when I receive that advance. The interest rate in effect on this note at any given time will apply to the entire principal advanced at that time. You and I may provide in this agreement for accrued interest not paid when due to be added to principal. Notwithstanding anything to the contrary, I do not agree to pay and you do not intend to charge any rate of interest that is higher than the maximum rate of interest you could charge under applicable law for the extension of credit that is agreed to here (either before or after maturity). If any notice of interest accrual is sent and is in error, we mutually agree to correct it, and if you actually collect more interest than allowed by law and this agreement, you agree to refund it to me.

**INDEX RATE:** The index will serve only as a device for setting the rate on this note. You do not guarantee by selecting this index, or the margin, that the rate on this note will be the same rate you charge on any other loans or class of loans to me or other borrowers.

**ACCRUAL METHOD:** The amount of interest that I will pay on this loan will be calculated using the interest rate and accrual method stated on page 1 of this note. For the purpose of interest calculation, the accrual method will determine the number of days in a "year." If no accrual method is stated, then you may use any reasonable accrual method for calculating interest.

**POST MATURITY RATE:** For purposes of deciding when the "Post Maturity Rate" (shown on page 1) applies, the term "maturity" means the date of the last scheduled payment indicated on page 1 of this note or the date you accelerate payment on the note, whichever is earlier.

**SINGLE ADVANCE LOANS:** If this is a single advance loan, you and I expect that you will make only one advance of principal. However, you may add other amounts to the principal if you make any payments described in the "PAYMENTS BY LENDER" paragraph below, or if we have agreed that accrued interest not paid when due may be added to principal.

**MULTIPLE ADVANCE LOANS:** If this is a multiple advance loan, you and I expect that you will make more than one advance of principal. If this is closed end credit, repaying a part of the principal will not entitle me to additional credit.

**PAYMENTS BY LENDER:** If you are authorized to pay, on my behalf, charges I am obligated to pay (such as property insurance premiums), then you may treat those payments made by you as advances and add them to the unpaid principal under this note, or you may demand immediate payment of the charges.

**SET-OFF:** I agree that you may set off any amount due and payable under this note against any right I have to receive money from you.

"Right to receive money from you" means:
(1) any deposit account balance I have with you;
(2) any money owed to me on an item presented to you or in your possession for collection or exchange; and
(3) any repurchase agreement or other nondeposit obligation.

"Any amount due and payable under this note" means the total amount of which you are entitled to demand payment under the terms of this note at the time you set off. This total includes any balance the due date for which you properly accelerate under this note.

If my right to receive money from you is also owned by someone who has not agreed to pay this note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement. Your right of set-off does not apply to an account or other obligation where my rights are only as a representative. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set off this debt against any of my accounts. I agree

to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**REAL ESTATE OR RESIDENCE SECURITY:** If this note is secured by real estate or a residence that is personal property, the existence of a default and your remedies for such a default will be determined by applicable law, by the terms of any separate security instrument creating the security interest and, to the extent not prohibited by law and not contrary to the terms of the separate security instrument, by the "Default" and "Remedies" paragraphs herein.

**DEFAULT:** I will be in default if any one or more of the following occur: (1) I fail to make a payment on time or in the amount due; (2) I fail to keep the property insured, if required; (3) I fail to pay, or keep any promise, on any debt or agreement I have with you; (4) any other creditor of mine attempts to collect any debt I owe him through court proceedings; (5) I die, am declared incompetent, make an assignment for the benefit of creditors, or become insolvent (either because my liabilities exceed my assets or I am unable to pay my debts as they become due); (6) I make any written statement or provide any financial information that is untrue or inaccurate at the time it was provided; (7) I do or fail to do something which causes you to believe that you will have difficulty collecting the amount I owe you; (8) any collateral securing this note is used in a manner or for a purpose which threatens confiscation by a legal authority; (9) I change my name or assume an additional name without first notifying you before making such a change; (10) I fail to plant, cultivate and harvest crops in due season; (11) any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 C.F.R. Part 1940, Subpart G, Exhibit M.

**REMEDIES:** If I am in default on this note you have, but are not limited to, the following remedies:
(1) You may demand immediate payment of all I owe you under this note (principal, accrued unpaid interest and other accrued charges).
(2) You may set off this debt against any right I have to the payment of money from you, subject to the terms of the "Set-Off" paragraph herein.
(3) You may demand security, additional security, or additional parties to be obligated to pay this note as a condition for not using any other remedy.
(4) You may refuse to make advances to me or allow purchases on credit by me.
(5) You may use any remedy you have under state or federal law.

By selecting any one or more of these remedies you do not give up your right to later use any other remedy. By waiving your right to declare an event to be a default, you do not waive your right to later consider the event as a default if it continues or happens again.

**COLLECTION COSTS AND ATTORNEY'S FEES:** I agree to pay all costs of collection, replevin or any other or similar type of cost if I am in default. In addition, if you hire an attorney to collect this note, I also agree to pay attorney's fees of 15 percent of the principal and interest then owed, plus court costs (except where prohibited by law). To the extent permitted by the United States Bankruptcy Code, I also agree to pay the reasonable attorney's fees and costs you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

**WAIVER:** I give up my rights to require you to do certain things. I will not require you to:
(1) demand payment of amounts due (presentment);
(2) obtain official certification of nonpayment (protest);
(3) give notice that amounts due have not been paid (notice of dishonor); or
(4) give me notice prior to seizure of my personal property when you are seeking to foreclose a secured interest in any of my personal property used to secure a commercial transaction.

I waive any defenses I have based on suretyship or impairment of collateral.

**OBLIGATIONS INDEPENDENT:** I understand that I must pay this note even if someone else has also agreed to pay it (by, for example, signing this form or a separate guarantee or endorsement). You may sue me alone, or anyone else who is obligated on this note, or any number of us together, to collect this note. You may do so without any notice that it has not been paid (notice of dishonor). You may without notice release any party to this agreement without releasing any other party. If you give up any of your rights, with or without notice, it will not affect my duty to pay this note. Any extension of new credit to any of us, or renewal of this note by all or less than all of us will not release me from my duty to pay it. (Of course, you are entitled to only one payment in full.) I agree that you may at your option extend this note or the debt represented by this note, or any portion of the note or debt, from time to time without limit or notice and for any term without affecting my liability for payment of the note. I will not assign any obligation under this agreement without your prior written approval.

**FINANCIAL INFORMATION:** I agree to provide you, upon request, any financial statement or information you may deem necessary. I warrant that the financial statements and information I provide to you are or will be accurate, correct and complete.

**NOTICE:** Unless otherwise required by law, any notice to me shall be given by delivering it or by mailing it by first class mail addressed to me at my last known address. My current address is on page 1. I agree to inform you in writing of any change in my address. I will give any notice to you by mailing it first class to your address stated on page 1 of this agreement, or to any other address that you have designated.

| DATE OF TRANSACTION | PRINCIPAL ADVANCE | BORROWER'S INITIALS (not required) | PRINCIPAL PAYMENTS | PRINCIPAL BALANCE | INTEREST RATE | INTEREST PAYMENTS | INTEREST PAID THROUGH: |
|---|---|---|---|---|---|---|---|
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |
| | $ | | $ | $ | % | $ | |

# EXHIBIT G

FirstCity Bank
831 Fairways Court
Stockbridge, GA 30281

## NOTE MODIFICATION

**DATE:**     05/01/08

**DAVID JANNEY**

**LOAN NUMBER:** ███ 7600

**COLLATERAL: 13.65 ACRES OFF FOSTER ROAD, HENRY COUNTY, GA**

WHEREAS the undersigned "Borrower" heretofore became indebted to FirstCity Bank (hereinafter "Holder") under the terms of a certain Note attached hereto and dated April 26, 2007, including all prior modifications applicable thereto and attached hereto, and

WHEREAS, Borrower, pursuant to the prior written consent of the Holder, as evidenced by a written authorization or commitment from Holder, desires to modify certain terms of said Note as set forth herein below, and

WHEREAS, Holder is willing to accept such modification terms;

NOW, THEREFORE, in consideration of their mutual promises and covenants, the Borrower and Holder hereby agree to modify the Note, including all prior modifications thereto, follows:

*Borrower agrees to make an interest payment thru May 1, 2008 of $16,161.43, after which the principal balance of the indebtedness will be $2,096,617.57.*

*This note is hereby modified by changing the due date to the 1st of each month, beginning June 1, 2008 and continuing each month thereafter.*

*The maturity date of the Note is hereby extended to May 1, 2009.*

*The rate is a fixed rate of 6.00%*

*The recording fee for the modification of the security deed shall be $16.00*

*This indebtedness shall continue to be secured by the Deed to Secure Debt, Assignment of Rents and Security Agreement dated April 26, 2007 and recorded May 8, 2007 in Deed Book 10175, Page 227-243, Public Records of the Clerk of Superior Court of Fulton County, Georgia, and any and all modifications thereto.*

*All other terms and conditions as set forth therein shall remain unchanged.*

Borrower affirms all terms and conditions of the Note, and all prior modifications, except as otherwise modified herein.

WITNESS the hand and seal of the undersigned.

Sworn to and subscribed before me this 25                                    Borrower:
Day of _____, 2008.

_____                     _____ (SEAL) _____
Notary Public-State of Georgia                          DAVID JANNEY

                                                        FIRSTCITY BANK

                                                        BY: _____
                                                        CLAYTON COE,
                                                        VP/SR LENDING OFFICER

Notary Public State of Florida
Lisa Cooper
My Commission DD474203
Expires 09/21/2009

# EXHIBIT H

**FINANCIAL ANALYSIS**

## DAVID JANNEY
## PERSONAL FINANCIAL STATEMENT

|  | 3/1/2007 | 6/9/2006 |
|---|---|---|
| **Assets:** | | |
| Cash | $200,000 | $800,000 |
| Cash Value of Life Insurance | $100,000 | $100,000 |
| Real Estate | $41,321,000 | $86,791,000 |
| Mortgage Contracts Owed | | |
| Notes and Accounts Receivable | $4,550,375 | $2,352,658 |
| Personal Property - Autos, jewlery | $105,000 | $105,000 |
| Equity Interest in CDI Signs (51%) | $1,350,000 | $1,350,000 |
| Equity Interest in Roof Tops (50%) | $805,000 | |
| Equity Interest in Advanced Walls and Pavers (50)% | $350,000 | |
| Equity Interest in Privately Held Companies | $16,350,000 | $16,350,000 |
| *Total Assets* | *$65,131,375* | *$107,848,658* |
| | | |
| **Liabilites** | | |
| Real Estate Mortgages | $11,634,419 | $39,147,000 |
| Deferred Tax liability | $17,520,000 | $17,520,000 |
| Notes Due Banks-Private Company CDI | $600,000 | $600,000 |
| *Total Liabilities* | *$29,754,419* | *$57,267,000* |
| | | |
| **Net Worth** | **$35,376,956** | **$50,581,658** |

## DAVID JANNEY
## CASH FLOW

| Income | 2005 | 2004 |
|---|---|---|
| AGI | $83,522 | $340,436 |
| | | |
| **Expenses** | | |
| Real Estate Mortgages | $0 | $0 |
| Credit Cards | $10,632 | $1,080 |
| Auto Loans | $19,608 | $19,608 |
| *Total Expenses* | $30,240 | $20,688 |
| | | |
| **Personal Income Available for Debt Service** | **$53,282** | **$319,748** |
| Without tax benefit from Katrina | | $34,757 |
| **Estimated *consistent* cash flow** | **$53,282** | **$284,991** |

Mr. Janney has credit mid-score of 583 as of 04/24/08. No public records are shown on the report.